*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2015-065

APRIL TERM, 2016

| | | |
|---|---|---|
| Dawn M. Dow | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Miles Otis Dow, Jr. | } | DOCKET NO. 138-5-14 Wmdm |

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order, arguing that the trial judge was prejudiced against him. We affirm.

The parties were married for twenty-eight years. The final divorce hearing was held on January 15, 2015. Wife was present at the hearing, while husband participated by telephone due to his incarceration. Neither party was represented by counsel. The trial court found that the parties owned no real estate. Following the hearing, the family division of the superior court adopted wife's proposed division of personal property, concluding that wife's testimony was credible and that husband's proposed division of personal property was not reasonable.

On appeal, husband argues that the trial judge acted in an unprofessional, prejudicial manner knowing his limited educational level. Husband sought to have the trial judge recused, but the chief superior judge denied the motion. Husband does not identify any conduct on the part of the trial judge demonstrating that the judge acted prejudicially towards him. He states that the court allowed the parties' son to remove personal property from the marital home, in violation of its interim order. The court, however, found that wife testified credibly as to the limited personal property in the parties' possession and the fact that certain items of personal property had been removed by one of the parties' adult sons and other items had been repossessed or taken by creditors. See Miller-Jenkins v. Miller-Jenkins, 2010 VT 98, ¶ 11, 189 Vt. 518 (mem.) ("The family court's unique position as trier of fact allows it alone to evaluate the witness' credibility and the weight that evidence should be afforded in making this assessment."). The only act by wife that the court deemed to be a technical violation of the interim order was her trading in an impractical summer vehicle for a more practical winter vehicle without the court's permission. The court concluded that the wife's actions were reasonable in light of her need for reliable transportation.

The court found further that wife was seeking less than half of the remaining marital estate and had agreed to be responsible for one-half of the parties' only significant joint debt. Husband has failed to demonstrate that the court abused its discretion in dividing the limited

marital estate.  See <u>Cook v. Coburn</u>, 2014 VT 45, ¶ 10, 196 Vt. 410 ("The trial court has wide discretion in distributing marital property, and we will not disturb the court's decision unless the court's discretion was abused, withheld, or exercised on untenable grounds or to a clearly unreasonable extent." (quotation omitted)).

<u>Affirmed</u>.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice